UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULES NGAMBO,

                              Plaintiff,

             -against-

DOUGLAS CHRISTOPHER, et al.,

                              Defendants.

20-CV-2232 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in Ridgewood, New Jersey. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

       Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

       Plaintiff, a resident of Garnerville, Rockland County, New York, brings claims arising out of his arrest and prosecution in the Village of Ridgewood, in Bergen County, New Jersey. Because Plaintiff does not allege that any defendant resides in this District or that a substantial

part of the events or omissions giving rise to his claims arose in this District, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Bergen County, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 13, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　Chief United States District Judge